**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

<table>
<tr><td>Katherine Seper<br>**Plaintiff,**<br><br>vs<br><br>NTC Marketing Inc.<br>**Defendant.**</td><td>**CIVIL NO.**  24-cv-2516-SMY<br><br>**CJRA TRACK:** Track D<br><br>**TRIAL DATE:** 11/8/2027<br><br>**Chief Judge Staci M. Yandle**</td></tr>
</table>

**JOINT REPORT OF THE PARTIES AND PROPOSED
SCHEDULING AND DISCOVERY ORDER
(CLASS ACTION)**

Pursuant to Federal Rule of Civil Procedure 26(f), SDIL-LR 26.1, and SDIL-LR 23.1, an initial conference of the parties was held on February 4, 2026 with attorneys David C. Nelson and Robert Berry participating.

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:

1. Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a Class Action. Once class certification is decided, the Court will schedule an additional conference with the parties to address entering a new discovery order, addressing any additional merits discovery needed as necessary.

2. Initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34 and SDIL-LR 33.1, shall be served on opposing parties by May 1, 2026.

   Though the Court typically exempts parties in class actions from compliance with Federal Rules of Civil Procedure 30(a)(2)(A) (10 deposition limit) and 33(a) (25 interrogatory limit), the parties agree for now to those limitations and will revisit if a party seeks to exceed those limits as discovery progresses.

3. Plaintiff(s) depositions shall be taken by October 1, 2026.

4. Defendant(s) depositions shall be taken by November 2, 2026.

*Rev 12/19*

5. Third Party actions must be commenced by <u>May 5, 2026</u> (which date shall be no later than 90 days following the scheduling conference).

6. Expert witnesses for Class Certification, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

   Plaintiff(s) expert(s): <u>December 1, 2026</u>.

   Defendant(s) expert(s): <u>January 15, 2027</u>.

7. Depositions of Class Certification expert witnesses must be taken by:

   Plaintiff(s) expert(s): <u>January 5, 2027</u>.

   Defendant(s) expert(s): <u>February 15, 2027</u>.

8. The parties **CERTIFY** that they have discussed, in particular, the proportionality of discovery, the burden and expense associated with discovery, and the discovery of electronically stored information (ESI). The parties ☒ do ☐ do not anticipate a need for an ESI protocol. The parties shall submit to the Court any joint proposed ESI protocol no later than <u>March 16, 2026</u>.  (The protocol shall contain mechanisms for addressing necessary topics concerning ESI to include sources of information, search terms, format of production and preservation of ESI by both Plaintiff(s) and Defendant(s)).

9. Plaintiff(s) Motion for Class Certification and Memorandum in Support shall be filed by **<u>March 1, 2027</u>** (such date shall be no later than 8 months prior to the first day of the month of the trial setting) and shall not exceed <u>20</u> pages.

10. Defendant(s) Memorandum in Opposition to Class Certification shall be filed by **<u>April 1, 2027</u>** and shall not exceed <u>20</u> pages.

11. Plaintiff(s) Reply Memorandum, if any, must be filed by **<u>April 15, 2027</u>** and shall not exceed <u>10</u> pages.

12. The Class Certification hearing, if any, will be set by separate notice.

13. The parties are reminded that, prior to filing any motions concerning discovery, they must first meet and confer relating to any discovery disputes.  The parties shall file a written motion if they are unable to resolve their dispute. The motion shall be no longer than 10 pages and shall state "DISPUTED" in the title.  Responses shall be filed within 7 days and shall be no longer than 10 pages.  Disputed discovery motions will be referred to a Magistrate Judge.

*Rev 12/19*

DATED:  February 20, 2027

/s/ Robert L. King
Robert L. King
king@kinglaw.com
The Law Office of Robert L. King
9506 Olive Blvd., Suite 224
St. Louis, Missouri 63132
(314) 246-0702

/s/ Robert P. Berry
Robert P. Berry
rberry@berrysilberberg.com
BERRY SILBERBERG STOKES PC
16150 Main Circle Drive, Suite 120
St. Louis, Missouri 63017
(314) 480-5882

*Rev 12/19*