**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| KATHERINE SEPER, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-cv-02516-SMY |
| NTC MARKETING INC., | ) | Chief Judge Staci M. Yandle |
| Defendant. | ) | |

**PLAINTIFF'S DISPUTED MOTION TO COMPEL DISCOVERY**

COMES NOW Plaintiff, Katherine Seper, by and through their attorneys, Nelson & Nelson, Attorneys at Law, P.C., and for her Disputed Motion to Compel Discovery Pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37, moves to compel Defendant NTC Marketing Inc. to provide complete interrogatory answers, complete written responses to Plaintiff's Requests for Production, and all nonprivileged responsive documents.

## I. INTRODUCTION

1. Plaintiff's claims concern Defendant's representation that Libby's brand chunk and sliced pineapple are "packed in 100% pineapple juice," notwithstanding the addition of citric acid. The discovery at issue seeks the most basic merits information: the facts supporting that representation; the persons who developed, reviewed, or approved it; the source and function of the citric acid; the testing, specifications, certifications, and quality-control information on which Defendant relied; the regulations and analyses supporting Defendant's defenses; sales and pricing information; and the documents supporting Defendant's affirmative defenses.

2. Defendant has had repeated opportunities to provide that discovery. It served original responses on May 20, 2026; participated in a discovery conference on June 2; promised

supplemental written responses by June 9 and documents by June 16; served partial supplemental responses on June 9; produced a limited set of materials on June 17; received Plaintiff's detailed June 18 deficiency letter; and served second supplemental interrogatory responses on June 25. Even after that process, core interrogatories remain evasive or incomplete, Defendant has not served supplemental Rule 34 responses identifying what documents were produced in response to each request, and the production continues to omit entire categories of central merits documents.

3. Plaintiff does not ask the Court to supervise every discovery response. This motion is limited to the specific interrogatories and requests identified below. Plaintiff requests an order requiring complete responses following a reasonable inquiry, a request-by-request identification of responsive Bates ranges, production of all remaining nonprivileged documents, and a certification that Defendant's search and supplementation are complete.

## II. GOOD-FAITH CONFERENCE AND PROCEDURAL HISTORY

4. April 20, 2026. Plaintiff served her First Interrogatories and Requests for Production.

5. May 20, 2026. Defendant served responses. Many interrogatories stated only that Defendant "remains in the process of identifying" responsive information and would supplement later. Numerous RFP responses likewise deferred production or asserted generalized relevance and proportionality objections.

6. May 21, 2026. Plaintiff sent a written Rule 37 deficiency notice identifying the placeholder answers, boilerplate objections, and lack of a definite production date.

7. June 2, 2026. Counsel conferred by telephone. Defense counsel memorialized Defendant's commitments to serve supplemental interrogatory and RFP responses by June 9, to

withdraw and answer specified objections, and to make supplemental document disclosures no later than June 16.

8. June 9, 2026. Defendant served supplemental written responses to interrogatories and requests for production. Several responses were supplemented, but core merits interrogatories remained unchanged. No documents accompanied the responses.

9. June 17, 2026, Defendant produced Bates Nos. NTC000001-NTC000262. The production consisted of two label files and sales-report materials: Illinois chunk-pineapple sales, Illinois sliced-pineapple sales, nationwide chunk-pineapple sales, and nationwide sliced-pineapple sales. Defendant did not serve additional supplemental RFP responses with the production, identify which documents responded to which requests, state whether its search was complete, or explain whether documents were being withheld.

10. June 18, 2026. Plaintiff sent a second detailed deficiency letter identifying the interrogatories that remained unanswered, the incompleteness of Interrogatories 5, 8, 12, and 16, and the absence of core document categories.

11. June 25, 2026. Defendant served second supplemental interrogatory responses. Those responses cured some issues but left the disputes itemized below.

12. Certification under Rule 37(a)(1) and Local Rule 26.1. The foregoing correspondence and conference demonstrate that Plaintiff conferred and attempted in good faith to resolve these disputes without court action. Defendant was given specific notice of each issue and multiple opportunities to cure. The disputes are ripe. The disputed interrogatory answers and requests for production responses at issue are attached collectively as Exhibit A.

## III. GOVERNING STANDARD

13. Rule 26 permits discovery regarding any nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). A party answering interrogatories must answer each interrogatory separately and fully in writing under oath, and objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). An evasive or incomplete answer is treated as a failure to answer. Fed. R. Civ. P. 37(a)(4).

14. When a party elects to answer through business records under Rule 33(d), it must specify the records in sufficient detail to enable the interrogating party to locate and identify the responsive information as readily as the responding party could, and the burden of deriving the answer must be substantially the same for both sides. Fed. R. Civ. P. 33(d).

15. Rule 34 requires a written response to each request that states whether inspection will be permitted and, for any objection, whether responsive materials are being withheld. Fed. R. Civ. P. 34(b)(2)(B)-(C). A party may move to compel when the responding party fails to answer an interrogatory, fails to respond adequately to a request, or fails to permit inspection. Fed. R. Civ. P. 37(a)(3)(B).

16. Chief Judge Yandle's procedures require unresolved discovery disputes to be presented by a motion bearing "DISPUTED" in the title, limited to ten pages, and supported only by materials directly related to the disputed discovery. Plaintiff has limited this motion and its proposed exhibits accordingly.

## IV. THE DISPUTED INTERROGATORIES REQUIRE COMPLETE ANSWERS

17. Interrogatory No. 3 — Defendant merely repeats its ultimate contention that the Products are "packed in 100% pineapple juice" and that the presence of citric acid does not render that representation inaccurate. The interrogatory, however, seeks the facts supporting that

contention, not Defendant's legal conclusion. Defendant should identify the product specifications, formulations, supplier information, regulatory analyses, testing, label-development materials, and other facts on which it relies.

18. Interrogatory No. 5 — required Defendant to identify the persons involved in the development, review, approval, and implementation of the challenged labeling. Plaintiff's instructions required Defendant to identify each person by full name, business affiliation, business address, and other identifying information. Defendant's second supplemental response identifies only Eric DeRose, Christopher DeRose, and John MacIsaac, stating only that they "may have played a role" in the labeling process. Defendant neither fully identifies those individuals nor describes their respective roles with any specificity. That response is difficult to reconcile with Defendant's production of label-development documents, which necessarily reflect a process involving drafting, review, and approval by one or more individuals. Defendant should be ordered to fully identify each responsive individual and describe each person's role in the development, review, approval, modification, and implementation of the challenged labeling.

19. Interrogatory No. 6 — required Defendant to identify each person from whom it purchased, sourced, or acquired any element or substance used in forming the ingredients of the Products. Plaintiff's definitions required Defendant to identify each responsive person or entity by providing its full name and, where applicable, its principal place of business and other identifying information. Defendant's response lists only the names of several entities. It does not provide the identifying information required by the interrogatory instructions. Defendant should therefore be ordered to fully identify each responsive person or entity in accordance with Plaintiff's definitions.

20. Interrogatory No. 10 — Source and form of citric acid. Defendant states only that product suppliers also provided the citric acid and that Defendant lacks responsive information. The interrogatory specifically asks for each supplier's name and location, whether the citric acid was purchased or produced in-house, its form, and whether it came from pineapple or another source. Defendant should be ordered to make a reasonable inquiry and answer each subpart. If information remains unavailable, Defendant should identify the inquiry made and state that fact under oath.

21. Interrogatory No. 11 — Basis for treating added citric acid as consistent with the label. Defendant cites a regulation concerning citric acid in pineapple juice and argues that separately added citric acid is disclosed in the ingredient list. But it does not answer whether the citric acid added to these Products was a component of the pineapple juice, naturally derived from the pineapples used, or obtained from another source. Defendant should answer each subpart separately and identify the product-specific facts supporting its position.

22. Interrogatory No. 16 — Testing, validation, specifications, and quality control. Defendant states that it does not conduct testing, that suppliers provide specifications and ingredients, and that information is sent to MacIsaac & Associates for labeling guidance. This confirms that responsive validation and quality-control information exists, but the answer does not identify the suppliers, describe the specifications, state what was reviewed or required, identify any certifications or testing, or explain how that information confirmed the challenged representation.

23. Interrogatory No. 17 — Label variation. Interrogatory No. 17 does not ask when the labels changed. It asks whether the Products' formulation and labeling were uniform nationwide and, if not, to identify every variation. Defendant's response identifies only an

approximate date on which labels allegedly changed. It does not state whether Products sold in different states, supplied by different manufacturers, or distributed during different periods used identical formulations or identical labeling, nor does it identify any nationwide variations. The response therefore does not answer the interrogatory.

## V. DEFENDANT MUST SERVE COMPLETE RFP RESPONSES AND PRODUCE THE MISSING DOCUMENTS

24. Defendant's June 17 production did not cure its Rule 34 deficiencies. Defendant produced NTC000001-262 but did not serve supplemental responses identifying which Bates ranges correspond to each request, whether it had completed its search, or whether responsive documents were withheld.

25. Defendant's production consists principally of two label files and sales reports. Conspicuously absent are the documents that would ordinarily exist if Defendant had a factual basis for marketing the Products as "packed in 100% pineapple juice," including label-development and approval communications, supplier records, ingredient specifications, testing, certifications, quality-control materials, regulatory analyses, and communications concerning the challenged labeling. Despite Plaintiff specifically identifying those categories in multiple Rule 37 communications, Defendant has neither produced them nor explained their absence.

26. Plaintiff repeatedly identified these deficiencies during the parties' Rule 37 conferences and in detailed deficiency letters dated May 21 and June 18, 2026. Those letters explained that Defendant had not produced the categories of documents that ordinarily expect to exist concerning the challenged labeling, including label-development and approval materials, supplier records, regulatory analyses, testing and quality-control materials, consumer complaints, marketing documents, and communications concerning the "packed in 100% pineapple juice"

representation. Despite those repeated notices and Defendant's promises to supplement, those core categories remain largely absent from Defendant's production.

27. RFPs 1-10 — label meaning, development, review, approval, modification, regulatory basis, and documents supporting preemption or safe-harbor contentions. All responses indicate that Defendant remains in the process of identifying information responsive to this Request and will supplement same upon completion of its inquiry. To date, no documents have been produced responsive to these requests.

28. RFP 12 — documents that relate to the source, manufacture, procurement, or acquisition of citric acid used in the Products. Defendant's response to Request for Production No. 12 is deficient. Plaintiff seeks documents relating to the source, manufacture, procurement, or acquisition of the citric acid used in the products at issue, which are plainly relevant and proportional to the needs of this case. Defendant's boilerplate objections are unsupported, and its assertion that it is "not in possession of documents responsive to this Request" is highly suspect. As a company that manufactures, distributes, or sells food products, Defendant necessarily procures the ingredients used in those products and would reasonably be expected to maintain records reflecting the sourcing or purchase of those ingredients. Defendant has provided no explanation for its claimed lack of responsive documents. Accordingly, the Court should overrule Defendant's objections and compel Defendant to produce all responsive documents or, if it contends none exist, provide a verified statement confirming that, after a diligent search, no responsive documents are in its possession, custody, or control.

29. RFPs 13-14 and 16-21 — citric-acid supplier, form, quantity, function, additive status, packing-media composition, testing, validation, and quality control. All responses indicate that "Defendant will produce responsive documents, if any, by June 16, 2026, as agreed upon

between the parties" or "Defendant remains in the process of identifying information responsive to this Request and will supplement same upon completion of its inquiry." To date, no documents have been produced responsive to these requests.

30. RFPs 28-29, 31-35, 37-39 — consumer complaints and understanding, marketing, pricing, price premium, sales, revenue, and units. Defendant either represented that it would produce responsive documents by June 16, 2026, or stated that it remained in the process of identifying responsive information and would supplement its response. To date, no responsive documents have been produced.

31. RFP 41 — documents that reflect Defendant's corporate structure. Defendant stood on its objection to RFP 41 and has not produced documents reflecting its corporate structure. Those documents are relevant to identifying the entities involved in the manufacture, marketing, distribution, and sale of the product at issue, as well as the proper scope of discovery. Defendant should be compelled to produce all responsive documents.

32. RFPs 43 and 44 — documents relied upon in answering and that discuss, analyze, evaluate, or respond to the allegations concerning the Products or the labeling claim "packed in 100% pineapple juice." All responses indicate that "Defendant will produce responsive documents, if any, by June 16, 2026, as agreed upon between the parties" or "Defendant remains in the process of identifying information responsive to this Request and will supplement same upon completion of its inquiry." To date, no documents have been produced responsive to these requests.Z

33. Plaintiff does not seek documents outside Defendant's possession, custody, or control. Plaintiff seeks only a reasonable search and complete responses identifying whether responsive documents exist, have been produced, or are being withheld. A bare assertion that

Defendant is "not in possession" of documents central to its own nationwide food-labeling operations is not a substitute for describing the inquiry undertaken.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

a. compelling Defendant, within fourteen (14) days, to serve complete, verified supplemental answers to the disputed interrogatories;

b. compelling Defendant, within fourteen (14) days, to serve complete supplemental responses to the disputed Requests for Production identifying, for each request, whether responsive documents have been produced, the corresponding Bates-number range, whether any responsive documents are being withheld, and whether Defendant's production is complete;

c. compelling Defendant, within fourteen (14) days, to conduct a reasonable search, produce all nonprivileged documents responsive to the disputed Requests for Production, and certify that its search, production, and supplementation are complete;

d. requiring Defendant, within fourteen (14) days, to serve a privilege log complying with Rule 26(b)(5) for any responsive documents withheld on the basis of privilege or work-product protection; and

e. granting such other and further relief as the Court deems just and proper.

Dated: July 30, 2026 Respectfully Submitted,

By: *<u>/s/ David C. Nelson</u>*

David C. Nelson (ARDC 6225722)
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville, IL 62222
Tel: 618-277-4000
Email: dnelson@nelsonlawpc.com

*Attorney for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which electronically delivered a copy of the same to all counsel of record.

*/s/ David C. Nelson*
David C. Nelson