**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KATHERINE SEPER, individually and on behalf of all other similarly situated, current citizens of Illinois and the United States,<br><br>Plaintiff,<br><br>v.<br><br>NTC MARKETING INC.,<br><br>Defendant. | No. 3:24-cv-02516-SMY |

## JOINT MOTION TO MODIFY THE SCHEDULING ORDER

Plaintiff Katherine Seper and Defendant NTC Marketing Inc. request modification of specified pre-class-certification deadlines established by the February 23, 2026 Scheduling Order and incorporated Joint Report pursuant to Federal Rule of Civil Procedure 16(b)(4), stating as follows:

1. On February 23, 2026, the Court entered a Scheduling Order (Doc. 22) incorporating the parties' Joint Report (Doc. 22-1). The requested extensions will accommodate an October 27, 2026 mediation in Miami, Florida, which the parties have voluntarily agreed to conduct. The extensions would also allow additional time to complete class-certification discovery if the action does not resolve.

2. The scheduled mediation is the principal reason for this request. The existing deadlines for taking party depositions fall before and closely after mediation, with Plaintiff's class-certification expert disclosure due December 1, 2026. Those deadlines require substantial deposition preparation and expert-related work before the parties can assess the outcome of mediation. The requested extensions would permit the parties to avoid expenses that settlement may render unnecessary.

3. The requested modification is consistent with the Court's encouragement of private mediation. Chief Judge Yandle's Case Management Procedures state that parties are "strongly encouraged to pursue private mediation when possible." (Case Management Procedures at 3)

4. Additional time is also warranted by the current state of discovery. Plaintiff served her first written discovery on April 20, 2026, received Defendant's responses on May 20, and identified deficiencies the following day. Counsel conferred on June 2. Defendant thereafter provided supplemental written responses on June 9, documents on June 17, and supplemental interrogatory answers on June 25.

5. Plaintiff filed her motion to compel on July 30, 2026. (Doc. 26.) Defendant filed its opposition on August 20 after obtaining two extensions. (Docs. 28-34.) Plaintiff also pursued additional written discovery in July and August and received responses on August 24 and September 2. Counsel addressed deposition and Rule 30(b)(6) discovery on August 20, and Plaintiff followed up concerning outstanding discovery and the Rule 30(b)(6) deposition on September 17, which was responded to by Defendant on September 24.

6. These efforts demonstrate the parties' continued pursuit of discovery, even through the ongoing disputes in that regard. Outstanding discovery and the remaining deposition and expert sequence warrant additional time independently of mediation, though the scheduled mediation provides the principal basis for the approximately three-month extension requested here.

7. Rule 16(b)(4) permits modification of a scheduling order for good cause and with the Court's consent. The discovery efforts described above, the outstanding discovery, and the timing of the scheduled mediation together establish good cause for the specific extensions below. The proposed dates preserve the existing sequence of depositions, expert disclosures and depositions, and class-certification briefing.

8. The parties request the following modifications to the incorporated Joint Report (Doc. 22-1):

| Deadline | Current deadline | Proposed deadline |
|---|---|---|
| Plaintiff's deposition | October 1, 2026 | February 2, 2027 |
| Defendant's depositions | November 2, 2026 | February 2, 2027 |
| Plaintiff's expert disclosure | December 1, 2026 | March 1, 2027 |
| Plaintiff's expert deposition | January 5, 2027 | April 5, 2027 |
| Defendant's expert disclosure | January 15, 2027 | April 15, 2027 |
| Defendant's expert deposition | February 15, 2027 | May 17, 2027 |
| Class-certification motion | March 1, 2027 | June 1, 2027 |
| Opposition | April 1, 2027 | July 1, 2027 |
| Reply | April 15, 2027 | July 15, 2027 |

9. The parties also request modification of paragraph 9 of the Joint Report, as incorporated in the Scheduling Order, to permit the proposed June 1, 2027 class-certification motion deadline, notwithstanding its requirement that the motion be filed at least eight months before the first day of the trial month. The parties request that the October 28, 2027 final pretrial conference and November 8, 2027 trial remain as set. The proposed schedule would complete class-certification briefing on July 15, 2027. The parties recognize that the Court must retain time to decide certification and address any additional merits discovery contemplated by paragraph 1 of the Joint Report.

10. The parties seek extensions of the specified scheduling deadlines only, not a stay of discovery. The requested modification would not extend or excuse any existing obligation or deadline to respond to outstanding discovery requests, produce documents, cure deficient responses, or provide required supplementation. Those obligations would continue while the parties prepare for mediation.

11. Except for the specific modifications identified above, the parties request that all provisions of the Scheduling Order and incorporated Joint Report remain in effect.

WHEREFORE, the parties respectfully request that the Court modify the Scheduling Order by adopting the proposed deadlines above and modifying paragraph 9 as specified, while preserving the existing final pretrial conference and trial settings.

By: */s/ Robert L. King*
Robert L. King
king@kinglaw.com
The Law Office of Robert L. King
9506 Olive Blvd., Suite 224
St. Louis, Missouri 63132
(314) 246-0702

David C. Nelson
dnelson@nelsonlawpc.com
NELSON & NELSON, ATTORNEYS AT LAW, P.C.
420 North High Street, P.O. Box Y
Belleville, IL 62222
(618) 277-4000

Matthew H. Armstrong
matt@mattarmstronglaw.com
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis, MO 63144
(314) 258-0212

Stuart L. Cochran
scochran@condontobin.com
Condon Tobin Sladek Thornton Nerenberg, PLLC
8080 Park Lane, Suite 700
Dallas, Texas 75231
(214) 265-3800

*Attorneys for Plaintiff and the Putative Class*

By: */s/ Matthew J. Bell (with permission)*
Matthew J. Bell, Mo. Bar No. 67241
mbell@mgl.law
Martin Golden Lyons Watts Morgan PLLC
1200 S. Big Bend Blvd.
St. Louis, Missouri 63117
(314) 669-5490

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which electronically delivered a copy of the same to all counsel of record.

*/s/ Robert L. King*
Robert L. King